**Anderson v. Price Township Board of Supervisors**

*Edward H. Hoffner,* for plaintiffs.
*Kennard Lewis,* for defendants.
*Marc R. Wolfe,* for petitioners.

THOMSON, *J.*, February 6, 1981—In the within matter, an appeal from a refusal of the Price Township Board of Supervisors to approve a subdivision application by appellants Anderson, the Snow Hill Property Owners' Association and various individual members thereof (hereinafter referred to as "petitioner") have petitioned to intervene (the premises wherein the proposed subdivision would occur being located in the Snow Hill Falls Development in Price Township). At last having scaled an arduous and circuitous procedural precipice arising herefrom, we may now make a decision on the said petition.

Petitions to intervene in Pennsylvania courts are governed by Pa.R.C.P. 2327, which provides:

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if . . . (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

Limitations on the power of the court to grant a petition to intervene are enumerated in Pa.R.C.P. 2329. The said rule states:

"Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or (2) the interest of the petitioner is already adequately represented; or (3) the petitioner has unduly delayed in making application for inter-

vention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties."

Applying the criteria of the two aforesaid rules to the petition now before us, we feel compelled to grant intervention. Clearly, petitioner is of the class contemplated by Rule 2327(4) and after due hearing, we fail to see how petitioner can be construed to fall under any of Rule 2329's three factors which would allow us to deny the petition.

Appellants Anderson in opposing the said petition have argued that because petitioner once applied orally for leave to intervene and was denied, it is precluded from pursuing the instant petition, but rather should have appealed our initial refusal to the Superior Court. There is nothing in the intervention rules, nor in any other authority we are aware of, which supports this contention. Under Rule 2327 intervention may be granted "at any time during the pendency of an action." Hence, our initial ruling did not "effectively deprive [petitioners] of [their] day in court," so as to require an appeal to the Superior Court.

In consideration of the above discussion, we will issue herewith the following

## ORDER

And now, February 6, 1981, the rule to show cause heretofore issued on September 6, 1979, to show why petitioner should not be granted leave to intervene in the above-entitled matter is made absolute, and petitioners are accordingly granted leave to intervene as parties appellee herein.